UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.:

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

      Plaintiff,

v.

BAHAMAS PARADISE CRUISE LINE, LLC,
a Florida Limited Liability Corporation, BPCL
MANAGEMENT, LLC, a Florida Limited Liability
Corporation, CRUISE OPERATOR, INC., a Florida
Corporation, CELEBRATION CRUISE OPERATOR,
INC., a Florida Corporation, CELEBRATION CRUISE
LINE, LLC., a Florida Limited Liability Corporation,
CEBLEBRATION CRUISE LINE MANAGEMENT,
LLC, a Florida Limited Liability Corporation, CLASSICA
CRUISE OPERATOR LTD. INC., a Foreign Profit
Corporation, and MARGARITAVILLE AT SEA, LLC
a Foreign Limited Liability Company,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      J.K., a minor, by and through her mother, natural guardian and next friend Karen Fisher, a

citizen and resident of the State of Florida, sues Defendants BAHAMAS PARADISE CRUISE

LINE, LLC, a Florida limited liability company with its principal place of business in Florida,

BPCL MANAGEMENT, LLC., a Florida limited liability company with its principal place of

business in Florida, CRUISE OPERATOR, INC., a Florida corporation with its principal place of

business in Florida, CELEBRATION CRUISE OPERATOR, INC., a Florida corporation with its

principal place of business in Florida,  CELEBRATION CRUISE LINE, LLC, a Florida limited

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

liability company with its principal place of business in Florida, CELEBRATION CRUISE LINE

MANAGEMENT LLC, a Florida limited liability company with its principal place of business in

Florida, CLASSICA CRUISE OPERATOR LTD. INC., a Foreign Profit Corporation with its

principal place of business in Florida, and MARGARITAVILLE AT SEA, LLC a Foreign Limited

Liability Company with its principal place of business in Florida, and alleges:

### JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.     The minor J.K. is a permanent resident of Florida.  She is proceeding in this case

through her mother, natural guardian and next friend, KAREN FISHER, who is also a permanent

resident of Florida.

3.     Defendant BAHAMAS PARADISE CRUISE LINE, LLC is a Florida limited

liability company with its principal place of business in Broward County, Florida.  For federal

jurisdictional purposes, BAHAMAS PARADISE CRUISE LINE, LLC (hereafter "BAHAMAS")

is a citizen of Florida.

4.     Defendant BAHAMAS PARADISE CRUISE LINE, LLC, is a Florida limited

liability company with its principal place of business in Broward County, Florida.  For federal

jurisdictional purposes, it is a citizen of Florida.

5.     Defendant BPCL MANAGEMENT, LLC, (hereafter "BPCL") is a Florida limited

liability company with its principal place of business in Broward County, Florida.  For federal

jurisdictional purposes, it is a citizen of Florida.

6.     Defendant CRUISE OPERATOR, INC. (hereafter "Cruise Operator") is a Florida

corporation with its principal place of business in Broward County, Florida.   For federal

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

jurisdictional purposes, it is a citizen of Florida.

7.      Defendant CELEBRATION CRUISE OPERATOR, INC, (hereafter "Celebration Cruise Operator") is a Florida corporation with its principal place of business in Broward County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

8.      Defendant CELEBRATION CRUISE LINE, LLC (hereafter "Celebration") is a Florida limited liability company with its principal place of business in Broward County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

9.      Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC (hereafter "CCLM") is a Florida limited liability company with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

10.     Defendant CLASSICA CRUISE OPERATOR LTD., INC., (hereafter "Classica") is a foreign profit corporation with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

11.     Defendant MARGARITAVILLE AT SEA, LLC, (hereafter "Margaritaville") is a Florida limited liability company with its principal place of business in Broward County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

12.     At all material times, Defendants have had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Broward County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

13.     In the operative ticket contract, the Defendants operating the cruise during which Plaintiff was injured requires fare paying passengers such as the Plaintiff to bring any lawsuit

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

against BAHAMAS arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

14.     The principal place of business of BAHAMAS is located in Broward County Florida. Accordingly, venue is proper in this Court.

15.     At all material times, Defendants either individually or in a collective capacity, operated, managed, maintained and was in exclusive control of the passenger cruise vessel "GRAND CLASSICA."

16.     Plaintiff has complied with all conditions precedent to bringing this action including providing BAHAMAS a timely written notice of claim as required by the ticket contract, in addition to the injuries being reported to and documented by the ship's medical crew and staff shortly after it occurred.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

17.     At all material times, Defendants were and have been engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the GRAND CLASSICA.

18.     At all material times, Defendants operated, managed, maintained and were in exclusive control of the GRAND CLASSICA.

19.     At all material times, the Plaintiff was a fare-paying passenger on board the GRAND CLASSICA and in that capacity was lawfully present on-board the vessel.

20.     On or about June 23, 2019, while the minor Plaintiff J.K. was lawfully onboard the GRAND CLASSICA as a fare-paying passenger, she was descending a ladder serving the bunkbed in her cabin.  The ladder was not securely locked and was not properly fastened to the bunkbed

4

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

frame; accordingly, when J.K. descended it, the ladder fell, severely gashing the inside of J.K.'s thigh.

21.     At all material times, the bunkbed and ladder accessory is a common design feature on Defendants' cruise ship and must be securely locked and fastened into the bunkbed frame as assembly requires for safe use by guests and passengers, including J.K.

22.     At all material times, Defendants knew or should have known that the bunkbed ladder was not securely locked and fastened into the bunkbed.  Evidence of notice comes from admissions made by crewmembers shortly after the incident that the ladder had not been properly installed and that before and at the time J.K. was injured there was insufficient space between the beds in the cabin to install the ladder properly.

23.     At all material times, including the subject incident date and timeframe referenced in the preceding paragraph, the subject bunkbed ladder which caused Plaintiff's injuries was an unreasonably dangerous condition, which was or should have been known to the Defendants for the reasons stated in the previous paragraph.

24.     As a direct and proximate result of the bunk ladder's fall described in the preceding paragraphs, J.K. was injured in and about her body, including severe trauma to her inner thigh resulting in stitches, physical therapy, and other treatments; she suffered pain therefrom, and sustained mental anguish, disability, and the inability to lead a normal life. Furthermore, she incurred medical and other out of pocket and health care expenses in the past and future as a result of her injuries, the future medical expenses being reasonably certain to occur.  J.K. has also sustained a loss of future earning capacity.  She has also sustained activation or aggravation of preexisting injuries. These damages are permanent or continuing in their nature and J.K. will continue to sustain and incur these damages in the future.

5

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

## COUNT I – NEGLIGENT FAILURE TO CORRECT

## KNOWN DANGEROUS CONDITON AS TO DEFENDANT BAHAMAS

25.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

26.     At all material times, BAHAMAS owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

27.     At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

28.     At all material times, BAHAMAS knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

29.     Notwithstanding BAHAMAS's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, BAHAMAS failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

30.     As a direct and proximate result of BAHAMAS's negligence as described above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in

6

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant BAHAMAS for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT BAHAMAS

31.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

32.     At all material times, BAHAMAS owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder referenced in Paragraph 20 above.

33.     At all material times BAHAMAS knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

34.     Notwithstanding BAHAMAS's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, BAHAMAS failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

35.     As a direct and proximate result of BAHAMAS's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the damages alleged in Paragraph 24 above.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,

natural guardian and next friend,

KAREN FISHER

     **WHEREFORE**, the Plaintiff demands judgment against the Defendant BAHAMAS for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT MAINTENANCE AS TO DEFENDANT BAHAMAS

     36.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

     37.    At all material times, BAHAMAS owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed ladder, within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for passenger use.

     38.    At all material times, the bunkbed ladder in question on the GRAND CLASSICA which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being inadequately locked and secured, and due to the absence of sufficient space in the cabin to install, secure and lock the ladder safely.

     39.    At all material times BAHAMAS knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers for the reasons alleged in Paragraph 21-23 above.

     40.    Notwithstanding BAHAMAS's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, BAHAMAS failed at all material times before J.K. was injured to maintain the bunkbed and its accompanying accessories adequately by repairing or replacing it, placing, fastening, and securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

     41.    As a direct and proximate result of BAHAMAS's negligence as described above,

8

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

 **WHEREFORE**, the Plaintiff demands judgment against the Defendant BAHAMAS for compensatory damages and the costs of this action.

## COUNT IV – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT BPCL MANAGEMENT, LLC

42. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

43. At all material times, BPCL owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

44. At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

45. At all material times, BPCL knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

46. Notwithstanding BPCL's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, BPCL failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly

placed, fastened, and secured, or otherwise, and was thereby negligent.

47.     As a direct and proximate result of BPCL's negligence as described above, J.K.

was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate

result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24

above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant BPCL for

compensatory damages and the costs of this action.

## COUNT V – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT

## BPCL MANAGEMENT LLC

48.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

49.     At all material times, BPCL owed J.K., as a fare-paying passenger lawfully on

board a passenger vessel it operated, a duty of reasonable care, including the duty to take

reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of

unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder

referenced in Paragraph 20 above.

50.     At all material times BPCL knew or should have known that the bunkbed ladder

referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers

including J.K. for the reasons alleged in Paragraph 21-23 above.

51.     Notwithstanding BPCL's actual or constructive knowledge of the dangerous

condition of the bunkbed ladder referenced above, BPCL failed at all material times before J.K.

was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

condition through orally delivered or written warnings, appropriate signage, or labeling, cordoning

off the dangerous area, or otherwise and was thereby negligent.

52.     As a direct and proximate result of BPCL's negligence as described above, the

Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed

ladder described in Paragraph 20 above and will continue in the future to sustain the damages

alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant BPCL for

compensatory damages and the costs of this action.

## <u>COUNT VI – NEGLIGENT MAINTENANCE AS TO DEFENDANT BPCL</u>

## <u>MANAGEMENT LLC</u>

53.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

54.     At all material times, BPCL owed J.K., as a fare-paying passenger lawfully on

board a passenger vessel it operated, a duty of reasonable care, including the duty to take

reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed ladder,

within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for passenger

use.

55.     At all material times, the bunkbed ladder in question on the GRAND CLASSICA

which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

56.     At all material times BPCL knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers for the reasons alleged in Paragraph 21-23 above.

57.     Notwithstanding BPCL's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, BPCL failed at all material times before J.K. was injured to maintain the bunkbed and its accompanying accessories adequately by repairing or replacing it, placing, fastening, and securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

58.     As a direct and proximate result of BPCL's negligence as described above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant BPCL for compensatory damages and the costs of this action.

## COUNT VII – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT CRUISE OPERATOR, INC.

59.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

60.     At all material times, CRUISE OPERATOR owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

61.     At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers,

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

62.     At all material times, CRUISE OPERATOR knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

63.     Notwithstanding CRUISE OPERATOR's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, CRUISE OPERATOR failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

64.     As a direct and proximate result of CRUISE OPERATOR's negligence as described above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant CRUISE OPERATOR for compensatory damages and the costs of this action.

## COUNT VIII – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT CRUISE OPERATOR, INC.

65.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

66.     At all material times, CRUISE OPERATOR owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of

13

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder referenced in Paragraph 20 above.

67.     At all material times CRUISE OPERATOR knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

68.     Notwithstanding CRUISE OPERATOR's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CRUISE OPERATOR failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

69.     As a direct and proximate result of CRUISE OPERATOR's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CRUISE OPERATOR for compensatory damages and the costs of this action.

<u>**COUNT IX – NEGLIGENT MAINTENANCE AS TO DEFENDANT**</u>

<u>**CRUISE OPERATOR, INC.**</u>

70.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

71.     At all material times, CRUISE OPERATOR owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

ladder, within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for

passenger use.

72.     At all material times, the bunkbed ladder in question on the GRAND CLASSICA

which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

73.     At all material times CRUISE OPERATOR knew or should have known that the

bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for

passengers for the reasons alleged in Paragraph 21-23 above.

74.     Notwithstanding CRUISE OPERATOR's actual or constructive knowledge of the

dangerous condition of the bunkbed ladder referenced above, CRUISE OPERATOR failed at all

material times before J.K. was injured to maintain the bunkbed and its accompanying accessories

adequately by repairing or replacing it, placing, fastening, and securing it into place and securing

into the bunkbed frame, or otherwise, and was thereby negligent.

75.     As a direct and proximate result of CRUISE OPERATOR's negligence as described

above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and

will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CRUISE

OPERATOR for compensatory damages and the costs of this action.

## COUNT X – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS
## CONDITON AS TO DEFENDANT CELEBRATION CRUISE OPERATOR, INC.

76.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

77.     At all material times, CELEBRATION CRUISE OPERATOR owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

78.     At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

79.     At all material times, CELEBRATION CRUISE OPERATOR knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

80.     Notwithstanding CELEBRATION CRUISE OPERATOR's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, CELEBRATION CRUISE OPERATOR failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

81.     As a direct and proximate result of CELEBRATION CRUISE OPERATOR's negligence as described above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant CELEBRATION CRUISE OPERATOR for compensatory damages and the costs of this action.

16

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

## COUNT XI – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT

## CELEBRATION CRUISE OPERATOR, INC.

82.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

83.     At all material times, CELEBRATION CRUISE OPERATOR owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder referenced in Paragraph 20 above.

84.     At all material times CELEBRATION CRUISE OPERATOR knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

85.     Notwithstanding CELEBRATION CRUISE OPERATOR's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CELEBRATION CRUISE OPERATOR failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage, or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

86.     As a direct and proximate result of CELEBRATION CRUISE OPERATOR's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the damages alleged in Paragraph 24 above.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,

natural guardian and next friend,

KAREN FISHER

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CELEBRATION

CRUISE OPERATOR for compensatory damages and the costs of this action.

## COUNT XII – NEGLIGENT MAINTENANCE AS TO DEFENDANT

## CELEBRATION CRUISE OPERATOR, INC.

87.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

88.     At all material times, CELEBRATION CRUISE OPERATOR owed J.K., as a fare-

paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care,

including the duty to take reasonable steps to maintain bunkbeds and associated accessories,

including the bunkbed ladder, within the interior cabins on the GRAND CLASSICA in a condition

reasonably safe for passenger use.

89.     At all material times, the bunkbed ladder in question on the GRAND CLASSICA

which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

90.     At all material times CELEBRATION CRUISE OPERATOR knew or should have

known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably

dangerous for passengers for the reasons alleged in Paragraph 21-23 above.

91.     Notwithstanding CELEBRATION CRUISE OPERATOR's actual or constructive

knowledge of the dangerous condition of the bunkbed ladder referenced above, CELEBRATION

CRUISE OPERATOR failed at all material times before J.K. was injured to maintain the bunkbed

and its accompanying accessories adequately by repairing or replacing it, placing, fastening, and

securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

18

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

92.     As a direct and proximate result of CELEBRATION CRUISE OPERATOR's negligence as described above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CELEBRATION CRUISE OPERATOR for compensatory damages and the costs of this action.

## COUNT XIII – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT CELEBRATION CRUISE LINE, LLC.

93.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

94.     At all material times, CELEBRATION owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

95.     At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

96.     At all material times, CELEBRATION knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

97.     Notwithstanding CELEBRATION's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, CELEBRATION failed at all material

19

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed

ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be

properly placed, fastened, and secured, or otherwise, and was thereby negligent.

98.     As a direct and proximate result of CELEBRATION's negligence as described

above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as

a proximate result has sustained and will continue in the future to sustain the damages alleged in

Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant CELEBRATION for

compensatory damages and the costs of this action.

## **COUNT XIV – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT**
## **CELEBRATION CRUISE LINE, LLC.**

99.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

100.     At all material times, CELEBRATION owed J.K., as a fare-paying passenger

lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of

unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder

referenced in Paragraph 20 above.

101.     At all material times CELEBRATION knew or should have known that the

bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for

passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

102.     Notwithstanding CELEBRATION's actual or constructive knowledge of the

dangerous condition of the bunkbed ladder referenced above, CELEBRATION failed at all

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling

companions, of its unsafe condition through orally delivered or written warnings, appropriate

signage, or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

103.    As a direct and proximate result of CELEBRATION's negligence as described

above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured

bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the

damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CELEBRATION

for compensatory damages and the costs of this action.

## COUNT XV – NEGLIGENT MAINTENANCE AS TO DEFENDANT
## CELEBRATION CRUISE LINE, LLC.

104.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

105.    At all material times, CELEBRATION owed J.K., as a fare-paying passenger

lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed

ladder, within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for

passenger use.

106.    At all material times, the bunkbed ladder in question on the GRAND CLASSICA

which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

107.   At all material times CELEBRATION knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers for the reasons alleged in Paragraph 21-23 above.

108.   Notwithstanding CELEBRATION's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CELEBRATION failed at all material times before J.K. was injured to maintain the bunkbed and its accompanying accessories adequately by repairing or replacing it, placing, fastening, and securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

109.   As a direct and proximate result of CELEBRATION's negligence as described above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CELEBRATION for compensatory damages and the costs of this action.

## COUNT XVI – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT CELEBRATION CRUISE LINE MANAGEMENT, LLC.

110.   The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

111.   At all material times, CCLM owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

112.    At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

113.    At all material times, CCLM knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

114.    Notwithstanding CCLM's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, CCLM failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

115.    As a direct and proximate result of CCLM's negligence as described above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant CCLM for compensatory damages and the costs of this action.

## COUNT XVII – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT CELEBRATION CRUISE LINE MANAGEMENT, LLC.

116.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

117.    At all material times, CCLM owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder referenced in Paragraph 20 above.

118.    At all material times CCLM knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

119.    Notwithstanding CCLM's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CCLM failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage, or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

120.    As a direct and proximate result of CCLM's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CCLM for compensatory damages and the costs of this action.

## COUNT XVIII – NEGLIGENT MAINTENANCE AS TO DEFENDANT CELEBRATION CRUISE LINE MANAGEMENT, INC.

121.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

122.    At all material times, CCLM owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed ladder, within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for passenger use.

123.    At all material times, the bunkbed ladder in question on the GRAND CLASSICA which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being inadequately locked and secured, and due to the absence of sufficient space in the cabin to install, secure and lock the ladder safely.

124.    At all material times CCLM knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers for the reasons alleged in Paragraph 21-23 above.

125.    Notwithstanding CCLM's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CCLM failed at all material times before J.K. was injured to maintain the bunkbed and its accompanying accessories adequately by repairing or replacing it, placing, fastening, and securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

126.    As a direct and proximate result of CCLM's negligence as described above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CCLM for compensatory damages and the costs of this action.

1980 Coral Way ■ Miami, Florida 33145-2624
Dade (305) 371-6000 ■ Broward (954) 845-0535 ■ Fax (305) 371-5749 ■ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

## COUNT XIX – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT CLASSICA CRUISE OPERATOR LTD., INC.

127.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

128.    At all material times, CLASSICA owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

129.    At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

130.    At all material times, CLASSICA knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

131.    Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous condition of the bunkbed ladder as alleged above, CLASSICA failed at all material times before J.K. was injured to correct or compensate for the dangerous condition of the bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

132.    As a direct and proximate result of CLASSICA's negligence as described above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in

26

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant CLASSICA for compensatory damages and the costs of this action.

## COUNT XX – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT
## CLASSICA CRUISE OPERATOR LTD., INC.

133.   The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

134.   At all material times, CLASSICA owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder referenced in Paragraph 20 above.

135.   At all material times CLASSICA knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

136.   Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, CLASSICA failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage, or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

137.   As a direct and proximate result of CLASSICA's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

damages alleged in Paragraph 24 above.

      **WHEREFORE**, the Plaintiff demands judgment against the Defendant CLASSICA for

compensatory damages and the costs of this action.

## COUNT XXI – NEGLIGENT MAINTENANCE AS TO DEFENDANT
## CLASSICA CRUISE OPERATOR LTD., INC.

      138.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

      139.    At all material times, CLASSICA owed J.K., as a fare-paying passenger lawfully

on board a passenger vessel it operated, a duty of reasonable care, including the duty to take

reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed ladder,

within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for passenger

use.

      140.    At all material times, the bunkbed ladder in question on the GRAND CLASSICA

which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

      141.    At all material times CLASSICA knew or should have known that the bunkbed

ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers

for the reasons alleged in Paragraph 21-23 above.

      142.    Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous

condition of the bunkbed ladder referenced above, CLASSICA failed at all material times before

J.K. was injured to maintain the bunkbed and its accompanying accessories adequately by

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

repairing or replacing it, placing, fastening, and securing it into place and securing into the bunkbed frame, or otherwise, and was thereby negligent.

143.   As a direct and proximate result of CLASSICA's negligence as described above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CLASSICA for compensatory damages and the costs of this action.

## COUNT XXII – NEGLIGENT FAILURE TO CORRECT KNOWN DANGEROUS CONDITON AS TO DEFENDANT MARGARITAVILLE AT SEA, LLC.

144.   The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

145.   At all material times, MARGARITAVILLE owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the bunkbeds and bunkbed ladders on the GRAND CLASSICA in a condition reasonably safe for passenger use.

146.   At all material times, the subject bunkbed ladder on the GRAND CLASSICA which fell and severely cut the Plaintiff as described in Paragraph 20 was a hazard to passengers, including J.K., due to its being inadequately secured and hence lacking stability under reasonably anticipated loads such as the weight of minor passengers including J.K.

147.   At all material times, MARGARITAVILLE knew or should have known that the bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

148.    Notwithstanding MARGARITAVILLE's actual or constructive knowledge of the

dangerous condition of the bunkbed ladder as alleged above, MARGARITAVILLE failed at all

material times before J.K. was injured to correct or compensate for the dangerous condition of the

bunkbed ladder by replacing, repairing, or reinstalling it, by creating sufficient room for the ladder

to be properly placed, fastened, and secured, or otherwise, and was thereby negligent.

149.    As a direct and proximate result of MARGARITAVILLE's negligence as described

above, J.K. was severely injured by the bunkbed ladder as described in Paragraph 20 above and as

a proximate result has sustained and will continue in the future to sustain the damages alleged in

Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant MARGARITAVILLE

for compensatory damages and the costs of this action.

## COUNT XXIII – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT
## MARGARITAVILLE AT SEA, LLC.

150.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

Paragraphs 1 through 24 above and further alleges the following matters:

151.    At all material times, MARGARITAVILLE owed J.K., as a fare-paying passenger

lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to warn passengers, including J.K. and/or her adult traveling companions, of

unsecured cabin hazards such as the improperly placed, fastened, and secured bunkbed ladder

referenced in Paragraph 20 above.

152.    At all material times MARGARITAVILLE knew or should have known that the

bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for

passengers including J.K. for the reasons alleged in Paragraph 21-23 above.

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

153.     Notwithstanding MARGARITAVILLE's actual or constructive knowledge of the dangerous condition of the bunkbed ladder referenced above, MARGARITAVILLE failed at all material times before J.K. was injured to warn passengers, including J.K. and/or her adult traveling companions, of its unsafe condition through orally delivered or written warnings, appropriate signage, or labeling, cordoning off the dangerous area, or otherwise and was thereby negligent.

154.     As a direct and proximate result of MARGARITAVILLE's negligence as described above, the Plaintiff was severely injured by in improperly placed, fastened, and improperly secured bunkbed ladder described in Paragraph 20 above and will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant MARGARITAVILLE  for compensatory damages and the costs of this action.

## COUNT XXIV – NEGLIGENT MAINTENANCE AS TO DEFENDANT
## MARGARITAVILLE AT SEA, LLC.

155.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 24 above and further alleges the following matters:

156.     At all material times, MARGARITAVILLE owed J.K., as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain bunkbeds and associated accessories, including the bunkbed ladder, within the interior cabins on the GRAND CLASSICA in a condition reasonably safe for passenger use.

157.     At all material times, the bunkbed ladder in question on the GRAND CLASSICA which injured Plaintiff as described in Paragraph 20 was negligently maintained, due to being

31

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

inadequately locked and secured, and due to the absence of sufficient space in the cabin to install,

secure and lock the ladder safely.

158.     At all material times MARGARITAVILLE knew or should have known that the

bunkbed ladder referenced in Paragraph 20 above was in a condition unreasonably dangerous for

passengers for the reasons alleged in Paragraph 21-23 above.

159.     Notwithstanding MARGARITAVILLE's actual or constructive knowledge of the

dangerous condition of the bunkbed ladder referenced above, MARGARITAVILLE failed at all

material times before J.K. was injured to maintain the bunkbed and its accompanying accessories

adequately by repairing or replacing it, placing, fastening, and securing it into place and securing

into the bunkbed frame, or otherwise, and was thereby negligent.

160.     As a direct and proximate result of MARGARITAVILLE's negligence as described

above, J.K. was injured as described in Paragraph 20 and as a proximate result has sustained and

will continue in the future to sustain the damages alleged in Paragraph 24 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant

MARGARITAVILLE  for compensatory damages and the costs of this action.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff hereby demands trial by jury of all issues so triable as of right executed this
21st day of June 2022.

By:     *<u>s/Nicholas I. Gerson</u>*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com

1980 Coral Way ■ Miami, Florida 33145-2624
Dade (305) 371-6000 ■ Broward (954) 845-0535 ■ Fax (305) 371-5749 ■ Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.K., a minor, by and through her mother,
natural guardian and next friend,
KAREN FISHER

DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
BRIAN M. ANDINO
Florida Bar No. 0119847
bandino@gslawusa.com
GERSON & SCHWARTZ, P.A.

Attorneys for Plaintiff

1980 Coral Way

Miami, FL 33145-2624

Telephone: (305) 371-6000

Facsimile: (305) 371-5749

1980 Coral Way ▪ Miami, Florida 33145-2624
Dade (305) 371-6000 ▪ Broward (954) 845-0535 ▪ Fax (305) 371-5749 ▪ Toll Free (877) 475-2905
www.injuryattorneyfla.com